IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED
APR 2 4 2015
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | | |
|---|---|---|
| MICHELE BURKE CRADDOCK, | ) | |
| Petitioner, | ) | Civil Action No. 3:15mc003 |
| | ) | |
| | ) | |
| LECLAIRRYAN, | ) | |
| A PROFESSIONAL CORPORATION | ) | |
| Respondent | ) | |

## VERIFIED PETITION TO PERPETUATE TESTIMONY

COMES NOW Petitioner Michele Burke Craddock[1] ("Craddock" or "Petitioner"), by counsel, and, pursuant to Rule 27 of the Federal Rules of Civil Procedure and the ancillary jurisdiction of this Court to perpetuate testimony, states as follows:

### Background

1. Petitioner is a lawyer and former partner of the Richmond-based law firm LeClairRyan, A Professional Corporation ("LeClairRyan"). On January 20, 2015 Craddock filed a Class of Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC" or "Agency"), which is presently pending. No right to sue letter has been issued, which is a prerequisite to filing suit. Petitioner seeks to preserve key witness testimony, which, by virtue of the witness' advanced age and health issues, may be lost to Petitioner before discovery would allow preservation in the normal course.

2. Craddock requests the Court enter an order authorizing Craddock, by counsel, to depose Marion J. Colgate, Sr. ("Mr. Colgate") in order to perpetuate his testimony.

---

[1] Since the filing of the EEOC charge, Petitoner has changed her name from Michele Kathleen Burke to her married name, Michele Burke Craddock. Petitioner will be referred to as "Craddock" or "Petitioner."

## Jurisdiction and Venue

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, the supplemental jurisdiction of this Court and Rule 27, Fed. R. Civ. P.

4. Venue is appropriate as all parties reside and/or conduct business in the Richmond Division of the Eastern District of Virginia.

5. Craddock is a resident and citizen of the City of Richmond in the Commonwealth of Virginia. She was employed at LeClairRyan from 2003 through March 3, 2015.

6. LeClairRyan is the expected adverse party. LeClairRyan is a professional corporation engaged in the practice of law. It is a national law firm with 25 offices nationwide. Its principle place of business is located at 951 East Byrd Street, Richmond, Virginia. At all relevant times, LeClairRyan is and was an "employer" as defined by Title VII.

7. On January 20, 2015, Craddock filed a Class Charge of Discrimination with the EEOC against her then-employer, LeClairRyan. Craddock filed an Amended Class Charge of Discrimination on January 21, 2015 ("Amended Charge"). Craddock filed a Second Amended Class Charge of Discrimination on February 5, 2015 ("Second Amended Charge"). The Second Amended Charge is attached as Exhibit 1. The subject matter of the expected action is the same as the subject matter of the Second Amended Charge.

8. Craddock's Second Amended Charge asserts detailed violations of Title VII of the 1964 Civil Rights Act, as amended by Civil Rights Act of 1991 ("Title VII") and the Lilly Ledbetter Fair Pay Act of 2009, 42 U.S.C. §§ 2000e, *et seq.* ("Lilly Ledbetter Fair Pay Act") related to discrimination on the basis of Craddock's gender (female) and retaliation for opposition to discriminatory practices and/or participation in the EEOC process. Petitioner has filed this as a class charge, asserting that similarly situated females have been discriminated

against on the bases of their gender (female) in compensation and promotion decisions, including LeClairRyan's treatment of case origination credits.

9. As such, the Second Amended Charge states both disparate treatment and disparate impact individual and class claims asserting systemic allegations.

10. These claims are not dissimilar to those on which EEOC found "cause" with regard to another law firm class charge against Greenberg Traurig, LLP (later filed in the Southern District of New York, Civil Action No. 12-cv-8734, *Francine Friedman Griesling, et. al. v. Greenberg Traurig, LLP* ). That EEOC investigation took over three years and resulted in a June 28, 2012 determination by EEOC that there was "reasonable cause to believe" that Greenberg Traurig, LLP discriminated against female attorneys in violation of Title VII.

11. EEOC has a specialized unit that considers Charges asserting systemic practices violative of Title VII; and this has been publicized as a priority for the agency.

12. Petitioner believes that (1) the investigation by EEOC will be lengthy and (2) EEOC is likely to similarly conclude a violation in the determination in this matter.

13. Under the process Congress enacted for Title VII claims, it is anticipated that a full investigation will occur at the administrative level, by EEOC, prior to the issuance of a Notice of 'Right to Sue' letter by the agency, or authorization to proceed with the filing of suit in federal district court. This authorization allows suit to be filed within 90 days of Craddock's receipt.

14. Craddock cannot file a Complaint against LeClairRyan until she receives such a Notice of Right to Sue from the EEOC.

15. While the EEOC permits a charging party to request a Notice of Right to Sue where it is clear that EEOC cannot conclude its investigation within 180 days after the Charge is

filed, it can take months to receive the Notice of Right to Sue. The undersigned counsel has had requested right to sue letters from the Richmond Area Office of EEOC delayed as long as 6 months from the request. Moreover, EEOC may not issue an early Right to Sue letter where it is investigating systemic violations, as EEOC retains the right to independently pursue such claims in the name of the Agency.

16. Pursuant to 28 U.S.C. § 1331, this Court will have subject matter jurisdiction over the Title VII lawsuit Craddock will file against LeClairRyan upon receipt of a Notice of Right to Sue from the EEOC, because the action will be based on Title VII and the Lilly Ledbetter Fair Pay Act, which are federal statutes.

17. Therefore, Craddock expects to be a party to an action cognizable in the United States District Court for the Eastern District of Virginia, Richmond, Division, but, due to the administrative exhaustion requirement of Title VII, she cannot presently bring it or cause it to be brought.

18. The testimony of the witness, Mr. Colgate, is necessary to support Craddock's claims.

19. Mr. Colgate's address is 511 Walker Street, Chase City, Virginia.

20. Mr. Colgate is 89 years of age and has a medical condition associated with an injury that occurred in Iwo Jima during his service in the United States Navy during World War II, and other medical conditions associated with his age.

21. Petitioner seeks to establish from Mr. Colgate that:

    a. LeClairRyan has handled three major lawsuits, a trust dispute and two shareholder lawsuits, for him and Craddock has been instrumental in the success of each of the cases;

4

b. He was one of the Plaintiffs in a matter handled by Craddock while a LeClairRyan partner, *Colgate v. The Disthene Group, Inc.*, 2012 WL 9391675, 85 Va. Cir. 286 (Aug. 30, 2012) and *Colgate v. The Disthene Group, Inc.*, 2013 WL 8019576, 86 Va. Cir. 218 (Feb. 4, 2013) (collectively the "Colgate Case");

c. In early 2010, before Mr. Colgate and his family engaged LeClairRyan to represent them in the Colgate Case, Mr. Colgate has become dissatisfied with the law firm's services and had terminated LeClairRyan due to the actions of another LeClairRyan partner, instructing the law firm to prepare his file to be released to him; and

d. Craddock salvaged the client relationship with Mr. Colgate and he and his family entered into an engagement regarding the Colgate Case with LeClairRyan, specifically requiring Craddock to handle the matter. Craddock organized a team of LeClairRyan lawyers, herself included, that pursued the claims to a favorable result, including a $77 million settlement for the plaintiffs and other minority shareholders. LeClairRyan's fee was in excess of $20 million.

22. This is critical testimony because LeClairRyan denied Craddock the case origination credit and awarded it to the male LeClairRyan partner Mr. Colgate had terminated. *See* Ex.1, ¶¶ 24-30.

23. Among Craddock's Title VII allegations are the claims that such case origination decisions have been made to disparately treat female shareholders of the law firm, such as herself, and/or that LeClairRyan practices and policies regarding compensation have disparately impacted female shareholders. *See Id.*, ¶¶8, 11-13.

24. Rule 27, Fed. R. Civ. P. states:

**(1) *Petition.*** A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:

**(A)** that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;

**(B)** the subject matter of the expected action and the petitioner's interest;

**(C)** the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

**(D)** the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

**(E)** the name, address, and expected substance of the testimony of each deponent.

25. Petitioner states facts which satisfy Rule 47's elements.

WHEREFORE, Petitioner moves for an Order authorizing the Petitioner to depose Mr. Colgate, by video deposition, on an expedited basis.

Respectfully submitted,

MICHELE BURKE CRADDOCK

By: _____
      Counsel

Harris D. Butler, III, (VSB No. 26483)
Paul M. Falabella (VSB No. 81199)
Butler Royals, PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
Telephone: (804) 648-4848
Facsimile: (804) 237-0413
Email: harris.butler@butlerroyals.com
      paul.falabella@butlerroyals.com

COMMONWEALTH OF VIRGINIA)
CITY OF RICHMOND                    )

I, Michele Burke Craddock, deposes and says that the information contained in the foregoing Verified Petition to Perpetuate Testimony is true and accurate to the best of my information, knowledge and belief.

_____
Michele Burke Craddock

Subscribed and sworn to before me
this 23rd day of April, 2015

_____
Carolyn Smith
Notary Public
Notarial No. 223229
My Commission Expires: 10/31/2016

(SEAL)

